UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 NOV -3 PM 3: 18

CLERK ALBUQUERQUE

ANDREW BACHICHA CHAVEZ, a Minor,
by DON CHAVEZ, Parent and Next Friend,

    Plaintiffs,

vs.

    No. CIV-05-365 JC/RHS

JEFFREY DULANEY, BRUCE PETERSON,
and The ESTANCIA MUNICIPAL SCHOOLS,

    Defendants.

## REPORT OF *GUARDIAN AD LITEM*

COMES NOW the Court appointed *Guardian ad Litem*, and for her report regarding settlement of claims raised in this litigation by Don Chavez, as the parent and next friend of Andrew Bachicha Chavez[1], a minor child, states as follows:

The Order appointing the *Guardian ad Litem* requested that the *Guardian ad Litem* advise the Court whether the settlement reached between the parties is fair and reasonable, and in the minor child's best interests. For the reasons discussed below, the *Guardian ad Litem* recommends that the Court approve the settlement as being fair, reasonable and in the minor child's best interest.

**1.**  **Judicial Authority:**

---

[1] Plaintiff filed an unopposed Motion to substitute Georgia Bachicha, Andrew's mother as parent and next friend and Plaintiff (Doc. Number 26) after Defendant Estancia Municipal Schools filed a Motion to Dismiss arguing that Don Chavez is not Andrew Chavez' biological father and did not have standing to bring suit. (Doc. Number 12). Judge Conway ruled that Andrew Chavez' mother, Georgia Bachicha Chavez should be substituted as parent and next friend of the minor child, Andrew Ray Serna also known as Andrew Bachicha Chavez.



Whenever a Court is called upon to sanction a compromise of minors' claims, it is proper for the Court to investigate the fairness of the settlement, and determine whether the settlement terms are in the best interests of the minor child. This is a traditional role of the court embodied in the law of New Mexico and the federal common law for over one hundred years. *Thompson v. Maxwell Land-Grant and Railway Company*, 168 U.S. 451, 18 S. Ct. 121, 42 L. Ed. 539 (1897). In such proceedings, the court exercises its inherent power to protect the minors' interests. *Shelton v. Sloan*, 977 P.2d 1012, 127 N.M. 92, 1999-NMCA-048. The Court retains authority in cases involving minors to approve or reject a settlement, regardless of the parties' agreements. *Thompson*. The exercise of such discretionary, oversight authority generally includes inquiry into:

    a.    Whether the terms of settlement were fairly and honestly negotiated;

    b.    Whether serious questions of law or disputes of fact exist, placing the ultimate outcome of litigation in doubt;

    c.    Whether the value of an immediate and swift recovery outweighs the mere possibility of greater future relief after protracted and expensive litigation; and

    d.    Whether the settlement is fair and reasonable, in its effect.

See generally, *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984).

The Court may appoint a *Guardian ad Litem* for the limited purposes of assisting the Court in its investigation into the fairness of the compromise and whether the settlement terms are in the best interests of the minor. See *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991). A *Guardian ad Litem* under such a judicial appointment should conduct a thorough investigation and evaluate the damages suffered by the minor and the adequacy of the settlement, including the

amount of attorney fees charged by the minor's attorneys. See generally, 42 Am. Jur. 2d Infants §188. Before approving such an agreement, the Court must ensure that the interest of the child will be adequately considered and protected. See *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (Court has a general duty to protect the interests of infants and incompetents, from which duty flows, Fed. R. Civ. P. 179(e)); see also *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (With interests of minors at stake, trial judge has obligation to see that the child was properly represented by their representatives and by the court).

## II.   Investigation:

The following documents were reviewed:

1. Complaint to Recover Damages for Personal Injuries and Violation of Civil Rights;

2. Release of Liability and Settlement Agreement;

3. Joint Motion for Appointment of *Guardian ad Litem*;

4. Order Appointing Gabrielle M. Valdez as *Guardian Ad Litem* for the Minor Plaintiff;

5. Memorandum in Support of Defendants, Bruce Peterson's and Estancia Municipal Schools', June 23, 2005, Motion to Dismiss;

6. Clerk's Minutes for hearing held on September 1, 2005, regarding Defendants' Motion to Dismiss for Lack of Standing (Docket No. 12);

7. Unopposed Motion to Substitute Party Plaintiff; and

8. *Lillard v. Shelby County Board of Education*, 76 F.3d 716 (6th Cir.1996).

In addition to the above, the *Guardian ad Litem* spoke with Don Chavez and Georgia Bachicha, the parents of Andrew Mares, a/k/a Andrew Bachicha Chavez. The *Guardian ad Litem* also spoke to Kevin Brown, the attorney representing Jeffrey Dulaney, and Andrew

Sanchez, the attorney representing Bruce Peterson and the Estancia Municipal Schools.

### III. Facts of Child's Claims: (Civil Rights Claim for Personal Injury and Violation of Civil Rights)

On March 6, 2002, at approximately 2:50 in the evening, Jeffrey Dulaney, a teacher at the Estancia Municipal Schools (middle school) slapped Andrew Mares, who was then 12 years old after Andrew had been disciplined by the principal of Estancia Municipal Schools. When Don Chavez, who is Andrew Chavez's father, visited Bruce Peterson, the principal of Estancia Municipal Schools, Mr. Peterson told Mr. Chavez, "your son has no future in this school." As a result, Andrew was home schooled for the remainder of the year (his 7th grade year). Andrew attended Corona and Mountainair for his 8th and 9th grades and thereafter, was home schooled by his mother Georgia Bachicha.

Plaintiffs alleged that Mr. Dulaney's and Mr. Peterson's actions constituted assault and battery, and a deprivation of Andrew's First, Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. Section 1983. Plaintiffs also brought claims for personal injury alleging that Defendant Peterson and Estancia Schools negligently hired, retained and supervised Dulaney.

### IV. Brief Summary of Child's Background:

Andrew Ray Serna was born on September 8, 1989. He is currently 16 years old and is in the 10th grade. He is home schooled by his mother, Georgia Bachicha. He has a sister, Rachel Serna, who is 14 years old and attends Estancia Schools. Andrew's father, Don Chavez, operates a landscaping stone business and his mother, Mrs. Bachicha, works for Estancia Schools in the cafeteria. Andrew also works approximately 24 hours a week at Stewarts Wood Yard. Andrew

indicates that he is going to finish high school and would like to become a welder after taking courses at Albuquerque Technical Vocational Institute.

## V.  Issues Bearing on Recovery:

The Defendants' liability in this case is not guaranteed. There is a United States Court of Appeals 6th Circuit case, *Lillard v. Shelby County Board of Education*, which indicates that a teacher's single slap of a student, which did not result in physical injury, even if made for no legitimate purpose, did not rise to level of constitutional violation of student's substantive due process rights and thus was not actionable under 42 U.S.C.A. § 1983 or the 5th or 14th Amendments. *Lillard v. Shelby County Board of Education*, 76 F.3d. 716 (6th Cir. 1995). In *Lillard*, the Court said:

> It is simply inconceivable that a single slap could shock the conscience. I do not quarrel with the suggestion that Leventhal's actions were careless and unwise but they fall short of brutal or inhumane or any of the other adjectives employed to describe an act so vicious to constitute a violation of a substantive due process right. In contrast to *Webb*, the blow inflicted here was neither severe or enforced nor administered repeatedly. Moreover, the slap did not result in any physical injury to Lillard.

*Lillard v. Shebly County Board of Education*, 76 F.3d 716, 726.

In this case, there was only one slap. Moreover, Andrew did not obtain any medical treatment or counseling as a result of the slap. Therefore, given the concerns with respect to liability, this case may not ever proceed to a jury and may be dismissed on summary judgment. As a result, it is the *Guardian ad Litem's* opinion that the settlement for $8,500.00 is such that the potential benefits the minor child could achieve from litigation has been obtained. Given the benefits of finality of

the settlement, coupled with the uncertainty with regard to liability[2], it is the *Guardian ad Litem's* recommendation that the Court approve the settlement.

### VII.  Distribution of Proceeds and Recommendation:

The total amount of the settlement was for $8,500.00. Attorney's fees total approximately $1,333.33, and taxes total $90.00 (totaling $1,423.33)[3] leaving a balance of $7,076.67. The *Guardian ad Litem* is seeking structured settlement quotes and certificates of deposit quotes and other options with regard to this amount to determine where this money should be placed until Andrew turns 18 years old on September 8, 2007. The *Guardian ad Litem* will report her findings to the Court at the time of the fairness hearing. Andrew wishes to use $1,500.00 of the money at this time in order to obtain a vehicle to transport him to his employment which, according to Andrew, is 33 miles away from his home. It is the *Guardian ad Litem's* recommendation that the terms of the settlement with the Defendants are fair and should be approved by the Court.

---

[2] Plaintiffs' claims for negligent supervision may also be difficult as it is not clear that the Plaintiffs complied with the Notice provisions N.M. Stat. Ann. Section 41-4-16. Further *see also Leitheid v. City of Santa Fe*, 123 N.M. 353 940 P.2d 459 (Ctr. App. 1997) where the Court of Appeals found that claim of negligent supervision, standing alone, is not sufficient to bring cause of action within waiver of immunity created by Tort Claims Act there must be elements of negligent operation to come within the ambit of N.M. Stat. Ann Section 41-4-6.

[3] The Guardian Ad litem had requested attorneys fees, costs and taxes but at the time of filing of this report, had not yet received exact figures from Plaintiffs' counsel.

Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

_____
Gabrielle M. Valdez
Guardian Ad Litem
420 Central Ave. S.W. Suite 210
Albuquerque, New Mexico 87102
(505) 244-1200
(505) 244-0700 (fax)

THIS IS TO CERTIFY that a true and correct copy of the foregoing pleading was mailed this 2nd day of November, 2005 to:

*ATTORNEYS FOR PLAINTIFFS:*

John A. Aragon, Esq.
529 West San Francisco Street
Santa Fe, NM 87501-1838

*ATTORNEYS FOR DEFENDANT DULANEY:*

Kevin M. Brown, Esq.
*Brown and German, LLC*
3909 Juan Tabo Boulevard, NE, Suite 2
Albuquerque, NM 87111-3973

ATTORNEYS FOR
DEFENDANTS PETERSON AND THE ESTANCIA MUNICIPAL SCHOOLS:

Andrew M. Sanchez, Sr., Esq.
*Cuddy, Kennedy, Albetta & Ives, LLP*
7770 Jefferson Street, NE, Suite 440
Albuquerque, NM 87109-4386

_____
Gabrielle M. Valdez, Esq.